IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Barrett Bernard Harris, ) | C/A 2:13cv3417-MGL-WWD |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The Petitioner, Barrett Bernard Harris, #171863, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from a state conviction. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 12).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Judge.

The Petitioner brought this habeas action on December 12, 2013. (See Dkt. 1). On March 31, 2014, Respondent filed a Motion for Summary Judgment[1]. (Dkt. No. 14;

---

[1] Respondent attached the following exhibits to his motion:
1. Appendix, the Honorable J. Derham Cole;
2. Notice of Appeal dated June 29, 2007;
3. Final Brief of Appellant dated May 11, 2007;
4. Final Brief of Respondent dated May 11, 2007;
5. South Carolina Court of Appeals' Affirmed Unpublished Opinion no. 07-UP-551 filed December 14, 2007;
6. Remittitur dated January 2, 2008;

1

see also Dkt. No. 12,13.)  By order filed April 1, 2014, pursuant to Roseboro v.Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 15.)  Petitioner filed his Response in Opposition on June 3, 2014. (Dkt. No. 19.)  Hence it appears consideration of the motion is appropriate.

## PROCEDURAL HISTORY

Petitioner is currently confined in the Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Spartanburg County.  Petitioner was indicted at the July 2003 term of the Spartanburg County grand jury for possession with intent to distribute (PWID) crack cocaine (2003-GS-42-2781, App. pp. 210-11).  Jason Chehoski, Esquire, represented him on this charge.  On June 28, 2005, Harris received a jury trial before the Honorable Paul Michael Burch.  The jury found him guilty as charged, and Judge Burch sentenced him to twenty-eight (28) years imprisonment. (App. pp. 1-142).

Harris timely served and filed a notice of appeal.  Deputy Chief Attorney for Capital Appeals, Robert M. Dudek, Esquire represented him on appeal.  On May 11,

---

7. Application for Post-Conviction Relief [2008-CP-42-1963] filed March 17, 2008;
8. Notice of Appeal;
9. Johnson Petition for Writ of Certiorari;
10. *Pro se* motion, memorandum of law and supporting appendix dated June 29, 2009;
11. Amendment to pro se motion dated July 6, 2009;
12. South Carolina Supreme Court transfer Order dated March 10, 2010;
13. Designated matters to be included on appeal dated April 4, 2010;
14. South Carolina Court of Appeals Order granting certiorari dated March 17, 2011;
15. Brief of Petitioner dated June 17, 2011;
16. Brief of Respondent dated September 15, 2011;
17. South Carolina Court of Appeals' Affirmed Opinion no. 12-UP-438 filed July 18, 2012;
18. Remittitur dated August 6, 2012;
19. Clerk of Court records; and
20. SCDC records.

2007, Harris filed a Final Brief of Appellant. The sole Question Presented in the Final Brief of Appellant was stated as follows:

> Whether the court erred by allowing a paralegal from the solicitor's office to "authenticate" a document purporting to show that the automobile appellant was driving at the time of his arrest was registered in his name as the police officer testified, since the paralegal was not a competent witness to authenticate this document?

Final Brief of Appellant at p. 3. The State filed a Final Brief of Respondent on May 11, 2007.

On December 14, 2007, the South Carolina Court of Appeals affirmed Harris' conviction and sentence, in an unpublished Opinion. State v. Barrett Harris, 2007-UP-551 (S.C. Ct .App, Dec. 14, 2007). (App. pp. 144-52). It sent the Remittitur to the Spartanburg County Clerk of Court on January 2, 2008.

Harris filed a *pro se* Post-Conviction Relief (PCR) Application (2008-CP-42-1963) on March 17, 2008. (App. pp. 153-56). He alleged the following grounds for relief in his Application:

> 1. Ineffective assistance of counsel due to the length of representation and counsel's failure to investigate;
>
> 2. Violation of state and United States Constitution; and
>
> 3. "Testimony of officer was perjured."

(App. pp. 153-56). The State filed its Return on August 5, 2008. (App. pp. 157-62). The Honorable J. Derham Cole held an evidentiary hearing into the matter on December 11, 2008, at the Spartanburg County Courthouse. Harris was present and testified at the hearing represented by E. Joshua Schultz, Esquire. The State presented the testimony of trial counsel, Mr. Chehoski. (App. pp. 163-99).

On January 26, 2009, Judge Cole filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Harris' claims that: (1) trial counsel was ineffective for failing to request a Franks hearing regarding the officer's truthfulness or for failing to remind the officer of his oath; (2) trial counsel was ineffective for failing to object to the testimony of Regina Wray, who ran a license tag check on Harris' vehicle; and (3) trial counsel was ineffective for failing to request a jury charge on possession, as a lesser-included offense of PWID crack cocaine. (App. pp. 201-09).

Harris timely served and filed a notice of appeal. Deputy Chief Appellate Defender Wanda H. Carter represented him in collateral appellate proceedings. On May 19, 2009, Ms. Carter filed a Johnson Petition for Writ of Certiorari[2] on Harris' behalf and petitioned to be relieved as counsel. The only Question Presented in the Petition was:

> Trial counsel was ineffective in failing to investigate into petitioner's prior drug convictions in order to find whether the priors constituted a continuous course of conduct, which meant that the state erred in charging petitioner as a third time drug offender when he was a second offender at best.

Johnson Petition for Writ of Certiorari at p. 2.

Harris subsequently filed a "Appellant's *Pro Se* Motion, Memorandum of Law and Supporting Appendix," dated June 29, 2009, in which he argued the issue raised in the Johnson Petition, and moved for a stay of the PCR appeal and remand to the PCR

---

[2] See Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988). Johnson sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to Anders, supra. This unique state court procedure provided more protection to Harris than required by the Constitution. See Pennsylvania v. Finley, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in post-conviction proceedings, also had no right to insist on Anders procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

4

court, so that PCR counsel could file a Rule 59(e), SCRCP, motion and present the claim to the PCR judge. He filed amendment to this motion on July 6, 2009.

The South Carolina Supreme Court filed an Order transferring jurisdiction over the case to the South Carolina Court of Appeals on March 10, 2010. On April 4, 2010, Harris served his Designated Matters to be Included on Appeal. The Court of Appeals filed an Order on March 17, 2011, in which it granted certiorari and denied counsel's petition to be relieved. It directed the parties to brief the following issue:

> Was trial counsel ineffective for failing to investigate into whether Petitioner's prior convictions for possession with intent to distribute constituted one offense or two offenses for sentencing purposes?

Harris filed the Brief of Petitioner on June 17, 2011. The State filed the Brief of Respondent on September 15, 2011.

The Court of Appeals filed an unpublished Opinion affirming the PCR judge's Order and judgment on July 18, 2012. It sent the Remittitur to the Spartanburg County Clerk of Court on August 6, 2012.

## HABEAS ALLEGATIONS

Harris raises the following allegations in the instant *pro se* Petition for Writ of Habeas Corpus filed on December 12, 2013:

> GROUND ONE: Ineffective Assistance of Counsel.
>
> SUPPORTING FACTS: Trial counsel was ineffective for not making the necessary inquires about petitioner's prior record and did not object to the presentation of his record by the solicitor. Criminal defense attorneys have a duty to undertake a reasonable investigation, which at a minimum includes interviewing potential witnesses and making an independent investigation of the facts and circumstances of the case.
>
> GROUND TWO: PETITIONER'S 6TH AND 14TH AMENDMENT STATE AND

FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED.

SUPPORTING FACTS: Due to counsel's deficiency petitioner was unable to confront key witness(es); Petitioner was sentenced on erroneous information and limited to subpar representation.

GROUND THREE: VER[A]CITY OF ARRESTING OFFICER'S TESTIMONY.

SUPPORTING FACTS: The arresting officer was the sole witness in this case. Applicant request[ed] a "Franks" hearing to show the Court that the testimony of the officer was not truthful in his presentation of the facts.

## APPLICABILITY OF THE AEDPA

As noted, the present habeas petition was filed on December 3, 2013[3]. Accordingly, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") apply to this case. Lindh v.Murphy, 521 U.S. 320 (1997). Under the AEDPA, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to", or involved an unreasonable application of "clearly established federal law as decided by the United States Supreme Court", or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. Section 2254(d). State court factual findings are presumed to be correct and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. Section 2254(e)(1).

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment

---

[3] Using the date corrections officials stamped on the envelope containing his Petition for Writ of Habeas Corpus as the Houston v. Lack, 487 U.S. 266 (1987), "delivery" date, the delivery date for his Petition is December 3, 2013.

"shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

A review of the record and relevant case law reveals that the Petition should be dismissed as untimely.

The one year statute of limitations governing habeas corpus allegations, 28 U.S.C. § 2244(d)(1)(A) specifically provides that:

> [a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to judgment of a State court. The limitation period shall run from the latest . . . of the dates on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In addition, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

State collateral review tolls the one-year statute of limitations under §2244(d)(1)(A) for properly filed pleadings, <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000), but it does not establish a right to file within one year after completion of collateral review. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir 2000); <u>Smith v. McGinnis</u>, 208 F.3d 13 (2nd Cir. 2000).  Similarly, the tolling period for state collateral review does not include the time for filing a petition for certiorari in the United States Supreme Court. Section 2244(d)(2). <u>Lawrence v. Florida</u>, 549 U.S. 327, 331-35 (2007) ("Read naturally, the text of the statute must mean that the statute of limitations is tolled only while state courts review the application. ... [A]llowing the statute of limitations to be tolled by certiorari petitions would provide incentives for state prisoners to file certiorari petitions as a delay tactic. By filing a petition for certiorari, the prisoner would push back § 2254's deadline while we resolved the petition for certiorari. This tolling rule would provide an incentive for prisoners to file certiorari petitions--regardless of the merit of the claims asserted--so that they receive additional time to file their habeas applications"); <u>Crawley v. Catoe</u>, 257 F.3d 395 (4th Cir. 2001).

Applying this criteria to the present case, it appears that Harris did not timely file within the one-year limitations period in § 2244(d)(1)(A).  His state court convictions became final fifteen days after the state court of appeals filed its December 14, 2007, Opinion affirming Harris' conviction and sentence in <u>State v. Barrett Harris</u>, 2007-UP-551 (S.C. Ct. App, (App. pp. 144-52), since that was the last date on which he could file a petition for rehearing, which was a necessary step in order to preserve his ability to file a petition for writ of certiorari in the state supreme court and thereafter seek review in the United States Supreme Court. See Rule 242(c), SCACR ("A decision

of the Court of Appeals is not final for purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals").

As the fifteenth day after the decision, December 29, 2007, was a Saturday, the Petitioner had until the following Monday to petition for rehearing. Thus, his conviction became final on Monday, December 29, 2007, and he had one year thereafter within which to file a habeas petition. See Gonzalez v. Thaler, 132 S.Ct. 641, 653-54 (2012) ("We now make clear … [that] [t]he text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs…. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired").

The Petitioner filed his PCR Application (2008-CP-42-1963) on March 17, 2008. (App. pp. 153-56). This was seventy-seven (77) days after his conviction became final. Proceedings in 2008-CP-42-1963 concluded when the state court of appeals sent the Remittitur to the Spartanburg County Clerk of Court on August 6, 2012.

The Petition for Writ of Habeas Corpus "delivery" date under Houston v. Lack, 487 U.S. 266 (1987), is December 3, 2013. This is four hundred eighty-four (484) days

9

after the state collateral review had ended in 2008-CP-42-1963, and five hundred sixty-one (561) days after his conviction became final; the Petition comes too late.

## EQUITABLE TOLLING

Harris recognizes that his Petition is untimely, but argued that he has been diligently pursuing relief.  He has also attached several documents that he contends support his representation of diligence.   Nevertheless, the Respondent correctly submits that the Petitioner has not given a sufficient explanation why the Petition is untimely and why the statute of limitations should be equitably tolled. See Rouse v. Lee, 339 F.3d 238,  246 (4th Cir. 2003) (recognizing that a Petitioner has the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable tolling doctrine).

"The 1-year limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments." Duncan v. Walker, 533 U.S. 167, 179 (2001).  Section 2244(d) is not a jurisdictional limitation on the power of the district court but a statute of limitations.  As a result, it is subject to the doctrine of equitable tolling. Holland v. Florida, 130 S.Ct. 2549 (2010); Harris, 209 F.3d at 330. Nevertheless, both the Supreme Court and the Fourth Circuit Court of Appeals have underscored the very limited circumstances where equitable tolling will be permitted. See Lawrence, supra; Rouse v Lee, 339 F.3d 238 (4th Cir. 2003) (en banc).  The limits on equitable tolling stem from the fact that "Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." Woodford v. Garceau, 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted).

"To be entitled to equitable tolling, [Harris] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence, 549 U.S. at 336 (citation omitted); see also Holland, 130 S.Ct. at 2562. Equitable tolling is "the exception rather than the rule ... [and] resort to its prophylaxis is deemed justified only in extraordinary circumstances." Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (internal citation omitted).

As the Fourth Circuit Court of Appeals explained in Harris,

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Harris, 209 F.3d at 330. (Emphasis added).

The requirement that Harris prove that he was prevented from timely filing by extraordinary circumstances that were beyond his control or external to his own conduct does not include the failure of his attorney to advise him of the statute of limitations or misadvice from counsel, as opposed to grossly outrageous and incompetent conduct by counsel discussed in Holland. See Lawrence, 549 U.S. at 336-37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel"); Rouse, supra; Harris, 209 F.3d at 330-31 (no equitable tolling when counsel erroneously advised petitioner as to the statute of limitations). Compare Holland, 130 S.Ct. at 2564 (a "serious instance[ ] of attorney misconduct" may rise to the level of an extraordinary

11

circumstance necessary to justify equitable tolling).

In Paragraph 18 of the instant Petition, Harris states that, "Petitioner was unable to file his writ of habeas corpus by a person in state custody due to state created impediment and request[s] that this Honorable Court equitably toll his petition because petitioner was unaware of the resolution of his appeal in state court. Petitioner relied upon Miller v. Collins, 305 F.3d 491, 495-96 (6th Cir. 2002)." He further contended that he diligently pursued updates on the status of the state PCR appeal.

Harris' reliance upon Collins[4] is misplaced; the grounds that Collins recognizes as a basis for tolling appear to be inconsistent with Holland and Fourth Circuit Court of Appeals precedent. See Harris, 209 F.3d at 330-31; Rouse, 339 F.3d at 248-49. See also Marsh v. Soares, 223 F.3d 1217 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999) (ignorance of law no excuse); Eisermann v. Penarosa, 33 F.Supp.2d 1269, 1273 (D. Haw. 1999) (lack of legal expertise did not justify equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir.1998); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), cert. denied, 540 U.S. 971 (2003).

More importantly, the documents that Petitioner has attached to the Petition (see Doc. #6-1) refute his claim that he diligently pursued his remedies or that "some extraordinary circumstance (beyond his control or external to his own conduct) stood in

---

[4] Collins was overruled on other grounds by Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003), cert. denied, 541 U.S. 1070, 124 S.Ct. 2388, 158 L.Ed.2d 976 (2004).

his way' and prevented timely filing." Lawrence, 549 U.S. at 336; Harris, 209 F.3d at 330.  The documents that he has attached to the Petition reflect that the earliest effort that he made to discover the status of his PCR appeal was an August 12, 2013, letter to the state court of appeals. (Doc. #6-1, p. 16).  The statute of limitations for filing in this Court had long run by then, as this was three hundred seventy-one (371) days after the PCR appeal had concluded and four hundred forty-eight (448) days after his conviction became final.  Both of these dates are beyond the one year limitations period in Section 2244(d)(1)(A).

While the Court of Appeals' August 21, 2013, letter incorrectly stated that the case ended when the Remittitur was sent "[o]n August 6, 2013," the Petitioner did not contact that court until the statute of limitations had expired.  Also, the Petitioner received a written copy of the state court of appeals' Opinion and the Remittitur from the Spartanburg County Clerk of Court in response to his September 12, 2013, request of that Office for these documents. (Doc. #6-1, pp. 12-27).

Another reason that The Petitioner's attachments fail to support equitable tolling, and likely the reason he did not timely file his Petition, is that apparently he did not contact his collateral appellate attorney, Ms. Carter, until August 29, 2013.  His failure to earlier contact her belies the suggestion that he diligently pursued his remedies.  Even after receiving written and verbal notice that his PCR appeal had concluded in 2012, he still waited another several months to file in this court.

Therefore, it does not appear that the Petitioner was the victim of extraordinary circumstances' beyond his control which made it impossible to file a Petition on time. He is not entitled to equitable tolling and the Petition is barred by the statute of

13

limitations.

## CONCLUSION

Accordingly for the aforementioned reasons, it is RECOMMENDED that Respondent's Motion for Summary Judgment (Dkt. No. 14) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[5]

IT IS SO RECOMMENDED.

*/s/ Wallace W. Dixon*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 25, 2014
Charleston, South Carolina

---

[5] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).