

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BARRETT BERNARD HARRIS,<br>     Petitioner,<br><br>vs.<br><br>LARRY CARTLEDGE,<br>     Respondent. | §<br>§<br>§<br>§ CIVIL ACTION NO. 2:13-3417-MGL-WWD<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 25, 2014, but Petitioner failed to file an objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Petitioner is a state prisoner currently incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections. A jury convicted Petitioner of possession with intent to distribute crack cocaine and the court sentenced him to twenty-eight years of imprisonment. The South Carolina Court of Appeals affirmed Petitioner's conviction. Thereafter, he filed a state Post-Conviction Relief (PCR) action, which the court dismissed with prejudice. The South Carolina Court of Appeals affirmed the dismissal.

Petition then filed his § 2254 petition with this Court. In his petition, he makes the following claims:

> GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> SUPPORTING FACTS: Trial counsel was ineffective for not making the necessary inquires about petitioner's prior record and did not object to the presentation of his record by the solicitor. Criminal defense attorneys have a duty to undertake a reasonable investigation, which at a minimum includes interviewing potential witnesses and making an independent investigation of the facts and circumstances of the case.
>
> GROUND TWO: PETITIONER'S 6TH AND 14TH AMENDMENT STATE AND FEDERAL CONSTITUTIONAL RIGHTS WERE VIOLATED.

2

> SUPPORTING FACTS: Due to counsel's deficiency petitioner was unable to confront key witness(es); Petitioner was sentenced on erroneous information and limited to subpar representation.
>
> GROUND THREE: V[E]RACITY OF ARRESTING OFFICER'S TESTIMONY.
>
> SUPPORTING FACTS: The arresting officer was the sole witness in this case. Applicant request[ed] a "*Franks*" hearing to show the Court that the testimony of the officer was not truthful in his presentation of the facts.

Petition 6-9.

> According to 28 U.S.C. § 2244(d)(1)(A):
>
> > [a] 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to judgment of a State court. The limitation period shall run from the latest . . . of the dates on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

There is no dispute that Petitioner filed his § 2254 petition with this Court outside the one-year statute of limitations set forth in § 2244(d)(1)(A). Nevertheless, Petitioner asks the Court to equitably toll the limitations period. Petition 14. According to Petitioner, he "has diligently pursued his claims and . . . ha[s] demonstrated that the failure to timely file his writ of habeas corpus was caused by extraordinary circumstance beyond his control, and prays that equitable tolling apply because [P]etitioner was not informed of the disposition of his state case." *Id*.

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). As the Magistrate Judge details in the Report, however, the statute of limitations for filing his petition in this Court had long run by the time that Petitioner began pursuing his rights. More specifically, Petitioner did not send a letter to the

3

South Carolina Court of Appeals inquiring about the status of his appeal until over a year after it was final. "Therefore," as noted by the Magistrate, "it does not appear that the Petitioner was the victim of extraordinary circumstances[] beyond his control which made it impossible to file a Petition on time." Report 13. As such, "[h]e is not entitled to equitable tolling and the Petition is barred by the statute of limitations." *Id*. at 13-14.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED** with prejudice.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of October, 2014, in Spartanburg, South Carolina.

                                              s/ Mary G. Lewis
                                              MARY G. LEWIS
                                              UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.